

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. C. McDonald
County Attorney
Coke County
Robert Lee, Texas

Dear Mr. McDonald:

Opinion No. O-5004
Re: Effect of Federal Salary
Stabilization Regulations
on authority of Commis-
sioners' Court to in-
crease ex-officio salary
of County Judge.

You ask our opinion on the question whether
the Federal Salary Stabilization Regulations affect the
authority conferred by State statute upon the Commis-
sioners' Court of a county to increase the ex-officio
salary of the County Judge within the maximum authori-
zed by law.

We have examined the Treasury Regulations
Relating to Stabilization of Salaries, promulgated on
December 2, 1942, under authority of Public Law 729,
77th Congress, 2d Session, Executive Order 9250, 7 F. R.
7871, and Regulations of Economic Stabilization Director,
dated October 27, 1942, 7 F. R. 8748, by the Commission-
er of Internal Revenue with the approval of the the Se-
cretary of the Treasury. So far as we can determine,
these regulations are presently in effect.

Sec. 1002.2 thereof provides:

"An employee, for the purposes of these Regula-
tions, is an individual who performs services for compen-
sation where the relationship between him and the person
for whom he performs the services is the legal relation-
ship of employee and employer. An employer is any person
for whom an individual performs any services, of whatever
nature, as the employee of such person. The term 'employer'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

is not limited to private persons engaged in trade or business, but includes organizations which, under Section 101 of the Code, are exempt from income taxation, and also Government departments and agencies. The existence of the legal relationship of employer and employee is to be ascertained in the light of the general purposes of the Act and the General Regulations.

"Generally, the legal relationship of employer and employee exists when the person for whom services are performed has the right to control and direct the individual who performs the services, not only as to the result to be accomplished by the work done, but also as to the details and means by which that result is accomplished. An employee is generally subject to the will and control of the employer not only as to what shall be done but how it shall be done. In this connection it is unnecessary that the employer actually direct or control the precise manner in which the services are performed; it is sufficient that he has the right to do so. The right to discharge is also an important factor indicating that the person possessing that right is an employer.

"Other factors characteristic of an employer, but not necessarily present in every case, are the furnishing of tools and the furnishing of a place to work to the individual who performs the services. In general, if an individual is subject to the control or direction or another merely as to the result to be accomplished be the work and not as to the means and methods for accomplishing the result, he is an independent contractor. An individual performing services as an independent contractor is not an employee as to such services. Physicians, lawyers, architects, contractors and others who follow an independent trade, business or profession in which they offer their services to the public are generally independent contractors and not employees. Whether the relationship of employer-employee exists will be determined upon an examination of the particular facts of each case.

"If the relationship of employer and employee exists the designation or description of the relationship by the parties as anything other than that of employer and employee is immaterial. If such relationship exists, it is of no consequence that the employee is designated as a partner, co-adventurer, agent or independent contractor. The measurement, method or designation of compensation is immaterial if the relationship of employer and employee thus in fact exists.

"An officer of a corporation is an employee of the corporation but a director as such is not. A director may be an employee of the corporation, however, if he performs services for the corporation other than those required by attendance at and participation in meetings of the board of directors."

Sec. 1002.32 provides:

"The provisions of these Regulations are applicable in every respect to any salary paid by the United States, any State, Territory, or possession or political subdivision thereof, the District of Columbia, or any agency or instrumentality of any one or more of the foregoing, except where the amount of such salary is fixed by statute. The term 'statute' for purposes of this Section does not include a municipal ordinance or resolution enacted by a governmental unit inferior to a State, Territory, or possession. Salaries covered by the Federal Classification Act of 1923, as amended, are excluded from the operation of these Regulations. Likewise, salaries, for example, or public school teachers which are paid under salary schedules fixed by a state legislature and providing for mandatory increments are excluded from the operation of these Regulations. See Section 1002.17."

The County Judge of a Texas county is an officer, not an employee. Consequently, the Regulations referred to do not affect the authority of the Commissioners' Court to increase his ex-officio salary.

In view of the foregoing, it becomes unnecessary to determine whether the salary of the County Judge is "fixed by statute", within the meaning of Sec. 1002.32, where the statute fixes the maximum compensation to be allowed the County Judge by the Commissioners' Court; or whether the provisions of Sec. 1002.14 apply. It likewise becomes unnecessary to consider the question raised by you as to the constitutionality of such regulations insofar as they purport to apply to the State and its political subdivisions and instrumentalities.

Very truly yours

ATTORNEY GENERAL OF TEXAS

BY    (s)   R. W. Fairchild
                Assistant

RWF-MR

APPROVED DEC 21, 1942
GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
By   GWB
Chairman